## DODD v SECRETARY OF STATE

### OPINION OF THE COURT

1. AUTOMOBILES—NEGLIGENCE—HIT-AND-RUN—INFERENCES.

   A reasonable inference of negligence of an automobile driver must be established from the facts presented by plaintiff in a hit-and-run automobile-pedestrian accident complaint.

2. AUTOMOBILES—NEGLIGENCE—HIT-AND-RUN—INFERENCES.

   Where plaintiff shows that he was struck at night in the sixth lane of a seven-lane highway across which he was walking by an unidentified hit-and-run driver traveling about 25 miles per hour, but the testimony fails to support a reasonable inference that the car's headlights were not on, he has failed to establish a reasonable inference of negligence.

### DISSENT BY O'HARA, J.

3. AUTOMOBILES—NEGLIGENCE—HIT-AND-RUN—AFFIRMATIVE PROOF.

   *The law is not clear on the amount of affirmative proof needed to have the jury consider whether there is a reasonable inference of negligence on the part of an automobile driver in a hit-and-run automobile-pedestrian collision.*

Appeal from Wayne, John M. Wise, J. Submitted Division 2 April 10, 1972, at Detroit. (Docket No. 11457.) Decided October 24, 1972. Leave to appeal granted, 389 Mich 763.

Complaint by Roy D. Dodd against the Secretary of State, the Motor Vehicle Accident Claims Fund, and John Doe, for injuries sustained in a hit-and-run automobile accident. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 7 Am Jur 2d, Automobiles and Highway Traffic § 336.
   8 Am Jur 2d, Automobiles and Highway Traffic §§ 897, 905 *et seq.*

*Daniel A. Burress,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Joseph B. Bilitzke,* Assistant Attorney General, and *Richard L. Wolk,* Special Assistant Attorney General, for defendant Secretary of State.

Before: FITZGERALD, P. J., and McGREGOR and O'HARA,* JJ.

FITZGERALD, P. J. This case arises out of what was allegedly a hit-and-run automobile-pedestrian accident on January 12, 1967 on Grand River Avenue near Lesure Street in the City of Detroit. At the conclusion of the jury trial, the court granted defendant's motion for a directed verdict on the basis that there were not facts from which negligence of the driver could be reasonably inferred. Plaintiff's motion for a new trial was denied.

A complete statement of facts is set forth in Judge O'HARA's dissent, *infra.* The question on appeal is whether, under the view of the facts most favorable to the plaintiff, a question of fact as to the negligence of the automobile driver was established.

A review of the record reveals that it can only be said that plaintiff was hit at night by a car in the sixth lane of a seven-lane highway, and that the car was traveling about 25 mph. The testimony does not support a reasonable inference that the car's headlights were not on. Thus, the trial court properly granted the defendant's motion for a directed verdict. There was no error depriving plaintiff of a substantial right.

Affirmed.

McGREGOR, J., concurred.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6 § 23 as amended in 1968.

O'HARA, J. *(dissenting)*. I write this brief dissent principally to frame an issue to which the Supreme Court might choose to address itself. To the best of my knowledge, it has not been passed upon since some significant changes have taken place in our motor vehicle negligence law.

I will recite a minimal fact background in order to place the legal question I believe to be involved in proper perspective.

Plaintiff had been a patron of a bar on Grand River in the City of Detroit and had had "two or three drinks". He left the bar and started to cross the street. Grand River at that point is very wide. Plaintiff was not in a marked crosswalk nor at an intersection protected by a traffic light. The street has at least six lanes for motor vehicle traffic. Plaintiff looked up and down the street before he started to cross. He could see no cars approaching. He testified that he safely crossed five lanes and was struck by a car in the sixth. It was a "hit-and-run" collision. The car did not stop and was not identified. The investigating police officer did not arrive at the scene until after the plaintiff was struck and the car disappeared.

The only witness who could supply an independent version of what happened was an employee of the bar who left before her shift ended because of lack of business.[1] She walked out of the bar with plaintiff. She testified he appeared normal and his gait was not impaired. She testified that he was "fine". Her further testimony was that she was unlocking her car which was in an adjacent parking lot and did not see the actual impact. She

---

[1] In a pre-trial deposition she said she stayed until the end of the shift because she didn't want the "boss" to know she left early. She contradicted her deposition in several other particulars.

heard a thud, looked in the direction the sound came from and saw plaintiff's body "up in the air". She estimated the speed of the car at 25 miles per hour. She saw it continue on in the same lane in which it was travelling when it struck plaintiff. Obviously, since she was behind the point of impact, she could not testify with certainty whether the runaway car had its head lights on or not. She did say she "did" not see, or "could" not see any (the question and answer do not make clear which). She did testify she saw taillights on the car as it continued on. She further testified that she knew that when the brakes are applied "the taillights automatically go on".

So much then for the facts. It is perfectly clear, as Judge FITZGERALD says, that there is no affirmative proof of negligence on the part of the driver of the hit-and-run car. The legal question presented seems to me to be:

*Under the facts herein recited, was plaintiff entitled to have the jury consider whether, from the undisputed fact that plaintiff was struck by an unidentified automobile*[2] *on a city street at night, at a point where there is neither a crosswalk nor a traffic light, negligence on the part of the unidentified driver could reasonably have been inferred?*

Ten years ago, perhaps even five years ago, I would have held as do my colleagues—that plaintiff simply did not adduce enough to create a jury question.

As I stated at the outset, I am no longer sure what quantum of affirmative proof of negligence is necessary in this fact setting. This is the sole reason for my dissent. Consequently, I vote to reverse and remand.

---

[2] It should be understood that the defendant in this case other than "John Doe" is the Secretary of State as Director of the Motor Vehicle Accident Claims Fund.